# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SHAUN JOSEPH AHMAD-SHERIFF,**

       **Plaintiff,**

**-vs-**                                                **Case No. 6:06-cv-37-Orl-22KRS**

**KEVIN BEARY, in his official capacity as Sheriff of Orange County, Florida,**

       **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS (Doc. No. 21)** |
| **FILED:** | April 5, 2007 |

Plaintiff Shaun Joseph Ahmad-Sheriff requests an order compelling Defendant Kevin Beary in his official capacity as Sheriff of Orange County, Florida, to produce documents responsive to two requests for production originally served May 14, 2006. Ahmad-Sheriff also requests attorney's fees under Federal Rule of Civil Procedure 37. Sheriff Beary has responded. Doc. No. 22. Discovery in this case closed on April 6, 2007, and the dispositive motions deadline is April 27, 2007. Doc. No. 16.

The two disputed requests for production are Request Number 15 and Request Number 16. I will discuss them in turn.

1.     Request Number 15.

Request Number 15 requests the following: "A copy of complaints of false arrest, false imprisonment or malicious prosecution or excessive force filed by anyone against *any of the deputies involved in Plaintiff's arrest* from 1996 – present."  Doc. No. 21 at 2 (emphasis added).

Sheriff Beary responds that all documents responsive to this request have been produced. Ahmad-Sheriff has not presented any basis to believe that this representation is not truthful. Accordingly, the motion to compel a further response to request number 15 is **DENIED**.

2.     Request Number 16.

Request Number 16 requests the following: "A copy of complaints of false arrest, false imprisonment or malicious prosecution filed by citizens *against any deputy* of the [Orange County] Sheriff's Office from 1996 – present."  Doc. No. 21 at 2 (emphasis added).  Ahmad-Sheriff asserts that this information is necessary in order to establish that the Sheriff had a policy, custom or practice of violating individuals' constitutional rights arising from false arrest, false imprisonment or malicious prosecution.

Sheriff Beary objects that it would be unduly burdensome to produce the volume of documents responsive to this request.  He supports this assertion with the affidavits of Beth Yearty and Grace Leo. Doc. No. 22-2 (Yearty Aff.), 22-3 (Leo Aff.).  In sum, Yearty avers that the Sheriff's Office does not categorize complaints by subject matter, so it would be necessary to sort through all of the complaints received during the ten-year period requested to identify those that arise from allegations of false arrest, false imprisonment or malicious prosecution.  Yearty avers that between 1996 and April 12, 2007 (the date of her affidavit), the Sheriff's Office conducted a

total of 2,090 inquiries and internal investigations, with approximately 319,770 pages of related materials. *Id*. Yearty estimates it would take 1,567.5 hours to retrieve and copy all of the files documenting these investigations, not counting the time associated with redacting information required to be redacted under state law. *Id*.

The Sheriff did produce a legal services "litigation report-litigation type" report that documents the false arrest and excessive force cases served on the Sheriff's Office between 2000 and June 30, 2006. Leo avers that "[t]he report identifies 107 litigation cases and 106 notices of intent." Leo Aff. ¶ 3. Leo estimates that "it would take 53.25 hours at $20.00 per hour to retrieve, review, redact and copy all of these files . . . " in addition to copying costs. *Id*. ¶ 4. This estimate applies only to the complaints and notices of intent, and not any additional documents in the file. *Id*. ¶ 7.

Prior complaints against the Sheriff alleging constitutional violations similar to those alleged in the present case are relevant to a *Monell* claim, and therefore are discoverable. However, the scope of discovery must be reasonable. In assessing reasonableness, various courts have limited the time frame of the request to three to five years before the events at issue. *See, e.g., Bates v. King County*, No. C05-1348RSM, 2007 WL 1059108, at * 3 (W.D. Wash. April 6, 2007)(three years); *Shields v. City of Hammond*, Cause No. 2:06-cv-219-PPS, 2007 WL 271694, at * 2 (N.D. Ind. Jan. 25, 2007)(four years); *cf. Fiacco v. City of Rensselaer*, 783 F.2d 319 (2nd Cir. 1986)(court admitted complaints made within five years before the incident in question). *But see Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 412 (C.D. Cal. 2005)(defendant agreed to produce ten years of records; court compelled production of eleven-years of records as requested

by plaintiff).  In the present case, Ahmad-Sheriff presented no legal or factual support for the broad temporal scope of his request.  Accordingly, I find that it is appropriate to limit the time frame of the request to the years 2000 through 2004.  This temporal limitation will relieve some of the burden on the Sheriff to search through the records.

Accordingly, the motion to compel a further response to Request Number 16 is **GRANTED** in part and **DENIED** in part.  It is **ORDERED** that, on or before April 24, 2007, the Sheriff shall produce for inspection and copying complaints of false arrest, false imprisonment or malicious prosecution filed by citizens against any deputy of the Orange County Sheriff's Office during 2000 to 2004.  Ahmad-Sheriff shall bear the expense of copying documents, but not the expense of searching for the documents.[1]

The request for an award of sanctions is **DENIED**.  The evidence presented by the Sheriff of the burden associated with responding to Request Number 16, coupled with the overbreadth of the request, makes an award of sanctions inappropriate.  *See* Fed. R. Civ. P. 37(a)(4)(C).

**DONE** and **ORDERED** in Orlando, Florida on April 18, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties

---

[1] The requests for production of documents were served in May 2006, yet Ahmad-Sheriff waited until the day before the close of discovery to file his motion to compel.  His delay in seeking relief does not provide good cause for extending the discovery period or the other dates established by the Court, including the date for filing and responding to dispositive motions.  Accordingly, this order may not be cited or relied upon as a basis for an enlargement of other deadlines in this case.